LAZICH, Respondent, vs. ARSENOVICH, Appellant.

*January 9—February 7, 1950.*

*James W. Dorsey* of Milwaukee, for the appellant.

For the respondent there was a brief by *Drought & Grootemaat* of Milwaukee, and oral argument by *O. A. Grootemaat*.

FAIRCHILD, J.  The appellant's dissatisfaction with the work done by respondent grows out of her feeling of disappointment with the result. However, the work done by the respondent is all in accordance with the contract. This is established by the evidence. There has been painstaking effort by three judges to adjust the matter. Two trials have been had. It is very apparent that the judge presiding at each trial labored under the consciousness that the qualities of certainty and ascertainability were important in the determination of this controversy. The repeated efforts on the part of the court, joined in by attorneys for respondent as well as the several lawyers who appeared at different times for appellant, leave no occasion either for anxiety about

appellant having had a full opportunity to present her claim or for doubt that the correct decision has been made. The main contention of appellant on this appeal is that the trial court erred in not granting a new trial. It is urged that she should be given a new trial in the interest of justice because she was not represented by counsel and, therefore, her evidence was not properly and completely presented to the court and certain witnesses were not called to testify. While the record conclusively shows that the appellant's lack of counsel was no one's fault but her own, it also shows she has not suffered by reason thereof. Several attorneys would have represented her and counseled with her. One attorney adequately represented her in the first trial until she dismissed him for no apparent cause. The case was delayed from time to time at the appellant's request. The trial judge finally determined the delays were resulting in an injustice to respondent and ordered the trial to proceed.

Appellant cites several cases in which this court granted a new trial when it was shown that the controversy was not fully tried below, but that situation does not exist here. On the contrary, all the relevant issues were considered and decided by the trial court.

Appellant also cites cases holding that lack of counsel by the defendant was ground for granting a new trial. Those cases are beside the point. They are criminal cases in which the defendant had no opportunity to obtain counsel.

Respondent suggests there was never served on him a proposed bill of exceptions as required by secs. 270.44 and 270.47, Stats. He does not state specifically wherein these sections were not complied with. The record discloses that he received a copy of the proposed bill on December 6, 1948, and that on December 31, 1948, on proof of service and no amendments being offered, the judge signed the certificate settling the bill in accordance with sec. 270.44. There has

been no motion to strike the bill. In view of the conclusion reached it is unnecessary to consider this point further.

*By the Court.*—Order affirmed.